IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LATONIA TATUM                                                                                                PLAINTIFF

vs.                                             Civil No. 1:18-cv-01061

ANDREW SAUL                                                                                                DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Plaintiff's Request for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 21.[1] Defendant has responded to this Motion and objects to the number of hours claimed by counsel. ECF No. 22. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background:**

Latonia Tatum ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On September 25, 2019, Plaintiff's case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 20.

On December 6, 2019, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No 21. With this Motion, Plaintiff requests an award of attorney's fees and costs of $10,036.54. *Id.* This amount represents 68.80 attorney hours at an hourly rate of $145.88 for

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

work performed. *Id.* A review of the Description of Services contained in the Motion shows only 49.0 hours of attorney work performed by Plaintiff's counsel. ECF No. 21, Pgs. 5-6. Defendant responded to this Motion on December 9, 2019. Defendant objects to the number of hours claimed by counsel. ECF No. 22.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the

>[amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 20. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA ECF No. 22. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $10,036.54 under the EAJA. ECF No. 21. Plaintiff requests these attorney fees at a rate of $145.88[2] per hour for work performed. *Id.* Defendant does not object

---

[2] The Description of Services contained in Plaintiff's Motion indicates indicates Plaintiff's counsel seeks an award of $17,200.00 based on an hourly rate of $250.00. This hourly rate is clearly excessive and will not be considered by the Court.

to this hourly rate. An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. Based upon the CPI-South Index, the hourly rate of $145.88 is authorized Accordingly, the Court awards this hourly rate.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 21. Initially, Defendant has properly objected to 10.50 hours as work done while Plaintiff was proceeding *pro se* and not recoverable. ECF No. 22. *Pro se* plaintiffs may not recover attorney fees under the EAJA. *Kooritzky v. Herman,* 178 F.3d 1315, 1321 (D.C. Cir. 1999). These 10.50 hours are not recoverable as attorney's fees and should not be awarded to Plaintiff's counsel.

Defendant also objects to 2.80 hours of requested time to be excessive and should be reduced by half. The entries objected too are as follows:

| Date | Description | Hours |
|---|---|---|
| 12/31/18 | Rec/Rev Commissioner's Answer to Complaint | 1.00 |
| 01/02/19 | Rec/Rev Calendar Scheduling Order | 0.70 |
| 02/01/19 | Rec/Rev/Calendar Order granting Motion for Extension to File Brief | 0.30 |
| 03/27/19 | Rec/Rev SSA's Motion for Extension of Time | 0.40 |
| 03/28/19 | Rec/Rev Order Granting SSA's Motion for Extension of Time | 0.40 |

Based on the review of counsel's itemization, this Court does find Plaintiff's request for 1.00 hours for review of Answer as excessive and it should be reduced to 0.20, 0.70 hours for review scheduling order as excessive and should be reduced to 0.20, 0.30 hours for review of Order granting extension

as excessive and should be reduced to 0.10, 0.40 hours for review of Motion for Extension as excessive and should be reduced to 0.10, and 0.40 hours for review of Order granting extension as excessive and should be reduced to 0.10   Therefore this Court recommends these entries be reduced by 2.10 hours to a total of 0.70 hours.

Further, Plaintiff appears to also request attorney fees under 42 U.S.C. § 406(b). Plaintiff has yet to prevail on the ultimate issue of whether she was disabled under the Social Security Act. Therefore, Plaintiff has shown no entitlement to past due benefits from which 406(b) fees are awarded. *See* 42 U.S.C. § 406(b)(1)(A).

Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,310.03 representing 36.40 attorney hours at an hourly rate of $145.88 for work performed.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff be awarded **$5,310.03** in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **16th day of December 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE